RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/21/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENDRICK ARMSTRONG (#02248-265) | DOCKET NO. 13-CV-596; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| FCI POLLOCK, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Kendrick Armstrong, filed pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1] and the Federal Tort Claims Act[2] (FTCA) on March 21, 2013. [Doc. #1] The case was transferred from the Shreveport Division to this Division on May 2, 2013 [Doc. #5], and Plaintiff was granted leave to proceed in forma pauperis on July 24, 2013. [Doc. #14]

Plaintiff is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution (FCI) in Pollock, Louisiana. He names as defendants Ms. K. Millicks, Mr. C. Lee, Mr. Wright, and seven unnamed staff members at FCI Pollock. He complains that he was subjected to excessive force and convicted of a false disciplinary violation.

This matter has been referred to the undersigned for review,

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

[2] 28 U.S.C. §§ 1346 and 2671.

report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on June 23, 2010, he had a verbal exchange with the Food Services Director, Ms. Millicks, in which Millicks "lost her temper," becoming "disruptive" and "emotional," waving her fingers in the air "in a flirtatious and promiscuous way." [Doc. #13 p.8] Ms. Millicks called for security assistance, and Officer C. Lee responded. Officer Lee began escorting Plaintiff across the compound, and informed Armstrong that he was going to the Special Housing Unit (SHU) for threatening Ms. Millicks. [Doc. #8, p.5] Plaintiff objected, stating that he was not going to the SHU for something he did not do, and he sat on the ground, refusing to proceed to the SHU. Plaintiff would not comply with orders to get up, so Officers Lee and Wright handcuffed Armstrong and eventually began to drag him to the SHU. Plaintiff complains that he received cuts and bruises to his body from being dragged, and that he was chocked by his own jumpsuit and his ID card holder that is worn around the neck. In his complaint, Plaintiff also claims that he was kicked by an officer once he was in the SHU. However, it is noted that this allegation was not made in any of Plaintiff's administrative grievances or tort claims. Once Armstrong began to comply with the officers' instructions, he was released from the SHU that same day. He received a

disciplinary violation report for refusing to obey an officer due to his refusal to walk to the SHU.

*Law and Analysis*

Plaintiff claims that he did not have to comply with the order to walk to the SHU because the officers had no reason to even take him to the SHU at that point. He claims that they should have written him up for threatening Ms. Millicks; then they would have had a reason to bring him to the SHU. He claims that since there was no write-up at that point, it was unconstitutional for him to be brought to the SHU.

*Law and Analysis*

I. *Bivens* claims

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

There is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in Bivens claims. See Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year. However, federal law is used to determine when a cause of

action accrues. Id. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Piotrowski, 51 F.3d at 516, quoting Vigman v. Community National Bank and Trust Co., 635 F.2d 455, 459 (5th Cir. 1981). Plaintiff had knowledge of his claim on the date of the incident - June 23, 2010. Generally, he had until one year later - June 23, 2011 - to file suit.

However, because Plaintiff pursued his administrative remedies, he is entitled to equitable tolling of the limitations period for his Bivens claim during the time in which he was properly exhausting those remedies. See Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998). Plaintiff's final denial of his ARP by the National Inmate Appeals Administrator is dated March 14, 2011. [Doc. #13, p.1] The limitations period was tolled up until that date. Therefore, Plaintiff had one year from March 14, 2011, within which to file his Bivens suit. Because Plaintiff's suit was filed on March 21, 2013, it is clear that his Bivens claim has prescribed by approximately one year.

Even if his claim was timely; it is frivolous. Plaintiff admits that he refused to comply with the officers' orders to walk to the SHU. Contrary to Plaintiff's belief, the officers' did not need to issue a disciplinary report in order to take Plaintiff to

4

the SHU. Although he claims the disciplinary conviction is "fraudulent," this is clearly false - Armstrong admits that he committed the offense. That is, he refused to comply with the officers' orders. Even if the claim had been timely, it was subject to dismissal on the grounds of frivolity.

## II. FTCA Claim

In addition to exhausting Administrative Remedies, Plaintiff filed a tort claim seeking damages for personal injury. First and foremost, the only proper defendant in an FTCA claim is the United States. The United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. See Hebert v. United States, 438 F.3d 483, 487 (5th Cir. 2006). Sovereign immunity is jurisdictional in nature. See U.S. v. Mitchell, 463 U.S. 206, 212 (1983). Such immunity protects the United States from liability, and deprives the court of subject-matter jurisdiction over claims against the United States. See Hebert, 438 F.3d at 487-488, citing Mitchell, 463 U.S. at 212. Thus, before a court proceeds on a case against the United States, it must first decide whether one of the government's waivers of sovereign immunity applies. See Truman v. U.S., 26 F.3d 592, 594 (5th Cir.1994).

The exceptions to the FTCA's waiver of sovereign immunity that appear in 28 U.S.C. § 2680(a)-(n) limit the federal court's jurisdiction to hear FTCA claims and, if applicable, bar a suit

brought against the government. One of the exceptions to the FTCA's general consent-to-be-sued policy retains the government's sovereign immunity for any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. 28 U.S.C. § 2680(h); Truman, 26 F.3d at 594. To determine whether a claim is one arising out of any of these enumerated torts, the court focuses on the conduct upon which the plaintiff's claim is based. If the conduct upon which a claim is based constitutes a claim arising out of any one of the torts listed in Section 2680(h), then the federal courts have no jurisdiction to hear that claim. Truman, 26 F.3d at 594, and cases cited therein. Even if a plaintiff styles a claim so that it is not one that is enumerated in Section 2680(h), the plaintiff's claim is still barred when the underlying governmental conduct essential to the plaintiff's claim can fairly be read to arise out of conduct that would establish an excepted cause of action. In other words, the FTCA bars a claim based on conduct that constitutes a tort listed in Section 2680(h) even though that conduct may also constitute another tort not listed in Section 2680(h). Truman, 26 F.3d at 594, and cases cited therein. The intent of the FTCA is that the United States would not be financially responsible for the assaults and batteries committed by its employees.

Plaintiff has not alleged any negligence by the officers

involved. Instead he complains of intentional conduct, which is excepted from the United States' waiver. There is an exception to the exception for the acts or omissions of a federal investigative or law enforcement officer. See Sutton v. U.S., 819 F.2d 1289 (5th Cir. 1987). BOP employees can be considered law enforcement officers if they are acting within the scope of law enforcement functions (as opposed to security functions) at the time the tort is committed. Castro, 560 F.3d at 387. The alleged offending officers here were not in the process of arresting or investigating. They were physically moving Plaintiff because he refused to walk. Because of the intentional tort exception to the FTCA, the Court lacks jurisdiction over Plaintiff's FTCA claim.

*Conclusion*

Because Plaintiff's Bivens claim is prescribed, **IT IS RECOMMENDED** that it be **DENIED AND DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §1915(e)(2)(b) and 1915A. Additionally, **IT IS RECOMMENDED** that Plaintiff's FTCA claim against the United States be **DISMISSED** for lack of jurisdiction.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may

be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 21st day of October, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE